# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| S.G., an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VAGABOND INN CORPORATION; CHOICE HOTELS INTERNATIONAL, INC.; WYNDHAM HOTELS AND RESORTS, INC. AND G6 HOSPITAITY LLC,<br><br>　　　　　Defendants. | CASE NO.  8:21-cv-00955-JLS (KESx)<br><br>**ORDER GRANTING PARTIAL STIPULATION TO MODIFY PROTECTIVE ORDER** |

**ORDER**

For good cause shown, the Court GRANTS plaintiff S.G. and defendant G6 Hospitality LLC's ("GG") Partial Stipulation to Modify Protective Order (Dkt. 57.). The Court therefore orders as follows:

1. Immediately upon filing the stipulation, Plaintiff shall provide G6 with (1) Plaintiff's full name, maiden name, alias names used at any time, and date of birth ("Plaintiff's True Identity"); and (2) the full name(s) of Plaintiff's alleged trafficker(s), maiden names, aliases used at any time, and date(s) of birth ("Traffickers' True Identity"), and the corresponding information for the affiliates of any alleged traffickers.

2. Notwithstanding anything in the stipulation, G6 expressly reserves its right to request from Plaintiff during the course of discovery any other information that is related to Plaintiff's identity or that of her alleged trafficker(s), such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, Plaintiff agrees that nothing in this stipulation relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery. The protections conferred by this stipulation do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3. Plaintiff and G6 dispute whether Plaintiff's use of a pseudonym is appropriate at trial (in documents or otherwise) and agree to raise/revisit the issue at the time of trial, if necessary.

4. G6 shall generally keep Plaintiff's True Identity confidential during and after the conclusion of this matter. Notwithstanding the foregoing, G6 may disclose Plaintiff's True Identity to the following:

   a. The parties to this litigation who have agreed to the terms of this stipulation, including any employees, agents, and representatives of the parties as needed to litigate any claims or defenses;

b. Counsel for the parties who have agreed to this stipulation, including any employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

c. The Court, court personnel, and members of the jury;

d. Court reporters, recorders, and videographers engaged for depositions;

e. Any mediator appointed by the Court or jointly selected by the parties;

f. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

g. Any potential, anticipated, or actual fact witness, and their respective counsel, as needed to litigate any claims or defenses, subject to paragraph 5 herein;

h. Any custodian of records, but only to the extent that Plaintiff's True Identity will assist the custodian in obtaining, producing, and/or authenticating records;

i. E-discovery vendors and other independent providers of document production or other litigation services retained or employed specifically in connection with this litigation;

j. Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to litigate any claims or defenses or to comply with any legal obligations or requirements;

k. Insurers, insurance advisors, and indemnitors for any of the parties;

l. Persons to whom disclosure is compelled by law, including (but not limited to) by subpoena, warrant, or court order; and

m. Other persons or entities as needed to litigate any claims or defense upon Plaintiff's consent, which consent shall not be unreasonably withheld.

5. Plaintiff and G6 presently dispute whether and to what extent G6 may disclose Plaintiff's True Identity to Plaintiff's alleged trafficker(s) and their known affiliates. Plaintiff and G6 agree that, to resolve this dispute, Plaintiff will file a motion seeking such protections no later than 30 days after the Parties' Rule 26(f) conference. Until the motion is ruled upon by the Court, G6 agrees not to disclose Plaintiff's True Identity to Plaintiff's alleged trafficker(s) or any of their known affiliates. To ensure G6 can reasonably comply with this paragraph, Plaintiff will disclose all such individuals to G6 upon the filing of the stipulation with the Court.

6. Nothing in this stipulation authorizes the filing of protected information under seal. Thus, a party that desires to file a document under seal must file an application for leave in accordance with the Local Rules for the United States District Court for the Southern District of California.

7. Plaintiff and G6 agree to redact Plaintiff's True Identity and any personally identifying information (e.g., social security number, address, medical records number, etc.) in any public filings.

8. Plaintiff and G6 will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to the stipulation.

**Dated:** September 07, 2021

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE