JOSEPH O. FITZGERALD, ESQ. (SBN 255089)
MICHAEL F. MOON, ESQ. (SBN 213975)
MACDONALD & CODY, LLP
3400 Central Avenue, Suite 300
Riverside, California 92506
(951) 877-3299; Fax: (951) 877-3317
jfitzgerald@macdonaldcody.com
mmoon@macdonaldcody.com

Attorneys for Defendant
WYNDHAM HOTELS AND RESORTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| S.G. an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>VAGABOND INN CORPORATION;<br>CHOICE HOTELS<br>INTERNATIONAL, INC.;<br>WYNDHAM HOTELS AND<br>RESORTS, INC. AND G6<br>HOSPITALITY LLC,<br><br>            Defendants. | Case No.: 8:21-cv-00955 JLS (KESx)<br>Hon. Josephine L. Staton<br><br>**DEFENDANT WYNDHAM HOTELS AND RESORTS, INC.'S NOTICE OF MOTION AND MOTION TO DIMISS PURSUANT TO RULE 12(b)(6)**<br><br>Date: March 4, 2022<br>Time: 10:30 a.m.<br>Courtroom: 10A |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that on March 4, 2022, at 10:30 a.m., or as soon after as this matter may be heard, before the Honorable Josephine L. Staton in Courtroom 10A, of this Court located at 411 W. Fourth St., Santa Ana, California,

Defendant Wyndham Hotels & Resorts, Inc. ("Wyndham") will and hereby does move to dismiss the complaint of Plaintiff S.G. ("Plaintiff") and each claim asserted against Wyndham.

Wyndham brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim against Wyndham. The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all other pleadings and papers on file in this action, and any oral argument that the Court may permit.

This motion is made following an attempted conference of counsel pursuant to L.R. 7-3 which was attempted telephonically on September 2, 2021, and via email on September 3 of 2021.

Dated: September 7, 2021          MACDONALD & CODY, LLP

                                           /s/ Joseph O. Fitzgerald
                                  BY:_____
                                     JOSEPH O. FITZGERALD, ESQ.
                                     MICHAEL F. MOON, ESQ.
                                     Attorneys for Defendant WYNDHAM HOTELS
                                     AND RESORTS, INC.

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

| | |
|---|---|
| **I.    INTRODUCTION** | **Page 6** |
| **II.   LEGAL STANDARD** | **Page 6** |
| **III.  ARGUMENT & AUTHORITIES** | **Page 7** |
| **A. The Complaint Is An Impermissible (And Incomprehensible) Shotgun Pleading That Should Be Struck Or Dismissed.** | **Page 7** |
| **B. The Complaint Fails To State A Claim Under the TVPRA Because It Lacks Well-Pled Allegations that Wyndham Benefited, Knowingly Or Otherwise.** | **Page 8** |
| **C. The Complaint Fails To State A Claim Under the TVPRA Because It Lacks Well-Pled Allegations that Wyndham Participated In A Sex Trafficking Venture.** | **Page 11** |
| **D. The Complaint Fails To State A Claim Under The Direct Liability Theory of TVPRA Because The Complaint Lacks Well-Pled Allegations that Wyndham "Knew or Should Have Known" of Plaintiff's Trafficking.** | **Page 16** |
| **E. The Complaint Fails To State A Claim Under the TVPRA Because It Lacks Well-Pled Allegations that Plaintiff Is A "Victim Of A Violation" Of The TVPRA.** | **Page 19** |
| **F. The Complaint Makes Conclusory Allegations of Vicarious Liability In An Attempt To Satisfy The Requirements Of A Theory Of Indirect Liability Under The TVPRA** | **Page 20** |
| **IV.   CONCLUSION & REQUEST FOR RELIEF** | **Page 22** |

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)                                    Page 6

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011)                         Page 7

*Nissen v. Lindquist*, 2017 WL 26843 (W.D. Wash 2017)                       Page 7

Weiland v. Palm Beach Cty., 792 F.3d 1313 (11th Cir. 2015)                  Page 7

*Sollberger v. Wachovia*, 2010 WL 2674456 (C.D. Cal. 2010)                  Page 7

*Griffin v. Alamo*, 2016 WL 7391046 (W.D. Ark 2016)                         Page 8

*A.B. v. Hilton Worldwide*, 484 F. Supp. 3d 921 (D. Ore 2020)              Page 10

*B.M. v. Wyndham Hotels*, 2020 WL 4368214 (N.D. Cal 2020)                  Page 10, 18

*Geiss v. Weinstein Co*., 383 F. Supp. 3d 156 (S.D.N.Y. 2019)             Page 10

*Kolbek v. Twenty First*, 2013 WL 6816174 (W.D. Ark 2013)                  Page 10

*U.S. v. Afyare*, 632 F. App'x 272 (6th Cir 2016)                          Page 13, 14, 15, 20

*Ratha v. Phatthana*, 2017 WL 8293174 (C.D. Cal 2017)                      Page 13, 18

*Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018                   Page 14, 20

*Bistline v. Parker*, 918 F.3d 849 (10th Cir. 2019)                        Page 14

*Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017)                          Page 14, 19

*United States v. Turkette*, 452 U.S. 576, 583 (1981)                      Page 14

*Boyle v. United States*, 556 U.S. 938, 944 (2009)                         Page 14

*Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016)            Page 14

*Weir v. Cenlar FSB*, 2018 WL 3443173 (S.D.N.Y. 2018)                      Page 15

Rosner v. Bank of China 528 F. Supp. 2d 419 (S.D.N.Y. 2007)               Page 15

*H.G. v. Inter-Continental*, 489 F.Supp.3d 697 (E.D. Mich 2020)           Page 16

*S.J. v. Choice Hotels*, 473 F. Supp. 3 147 (E.D.N.Y. 2020)               Page 17

*Kelsey v. Goldstar Estate*, 2014 WL 1155253 (D. Or. 2014)                Page 17

*Lawson v. Ruben*, 2018 WL 2012869 (E.D.N.Y. 2018)                        Page 17

*Glob-Tech v. SEB S.A.*, 563 U.S. 754 (2011)                    Page 18

*Angelov v. Wilshire,* 331 F. App'x 471 (9th Cir. 2009)        Page 20

*Saldana v. Occidental*, 774 F.3d 544 (9th Cir. 2014)          Page 20

*Walker v. Pacific Pride Serv.*, 341 F. App'x 350, (9th Cir. 2009) Page 21

*Cislaw v. Southland Corp.*, 4 Cal. App. 4th 1284 (1992))      Page 21, 22

*Stewart v. Chick-Fil-A,* 2020 WL 264578 (S.D. CA 2020)        Page 21

Patterson v. Domino's Pizza, 60 Cal 4th 474 (2014)             Page 22

Wickham v. Southland Corp. 68 Cal. App. 3d 49 (1985)           Page 22

**STATUTES**

Fed. R. Civ. P 8(a)(2)                                         Page 6, 7, 8

Fed. R. Civ. P 12(b)(6)                                        Page 6

Fed. R. Civ. P. 9(b)                                           Page 8

18 U.S.C. § 1595                                               Page 9, 10

18 U.S.C. § 1591                                               Page 11, 12, 13, 19

47 U.S.C. § 230(e)                                             Page 12

18 U.S.C. § 1591(e)(6)                                         Page 14

18 U.S.C. § 1581                                               Page 19

18 U.S.C. § 1583                                               Page 19

18 U.S.C. § 1584                                               Page 19

18 U.S.C. § 1590                                               Page 19

18 U.S.C. § 1592                                               Page 19

15 U.S.C. § 1051                                               Page 22

**LEGISLATIVE HISTORY**

Pub. L. No. 106–386, 114 Stat. 1464 (2000)                     Page 8

Pub. L. No. 108-193, 117 Stat. 2875 (2003)                     Page 9

S. Rept. 115-199 (2017-2018)                                   Page 13

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The 47-page Complaint asserts a claim for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") against a group of parent companies in the hotel industry.  Within the shotgun pleading, there are allegations that Wyndham failed to prevent sex traffickers from exploiting Plaintiff at a Travelodge® branded hotel in Bakersfield, California.  The Complaint, however, lacks well-pled allegations sufficient to support a TVPRA claim against Wyndham. None of the allegations against Wyndham set forth any cognizable legal theory under which Wyndham as a parent company could be held liable for the alleged actions of a franchisee or the employees of that franchisee.

## II.    LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers the Court to dismiss a Complaint that fails to set forth facts plausibly entitling the plaintiff to relief. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). As set forth in *Iqbal* at 678:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct.

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

## III.   ARGUMENT & AUTHORITIES

### A.   The Complaint Is An Impermissible (And Incomprehensible) Shotgun Pleading That Should Be Struck Or Dismissed.

Courts in this Circuit and around the country have rejected "shotgun" pleading. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Nissen v. Lindquist*, C16-5093 BHS, 2017 WL 26843, at *1 (W.D. Wash. Jan. 3, 2017) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "Shotgun" pleadings are "flatly forbidden" by Rule 8(a)(2) because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law . . . can be masked." *Weiland*, 792 F.3d at 1320 (internal quotations omitted). A complaint is considered to be a "shotgun" pleading if it groups different entities together and makes allegations against them collectively "without specifying which . . . are responsible for which acts or omissions." *Id.*; *Sollberger v. Wachovia Securities, LLC*, SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. Jun 30, 2010). Such pleadings "are unacceptable" because they "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger*,

2010 WL 2674456, at *4. Such pleadings violate the particularity requirements of Rule 9(b).

Plaintiff's Complaint sets forth 47 pages (115 paragraphs plus prayer) of allegations, most of which are descriptions of events, editorials, studies, and commentary that have no bearing on the Plaintiff or this case.  It contains virtually no well-pled allegations specific to Wyndham.  This type of pleading creates an illusion that Wyndham is responsible for every aspect of Plaintiff's allegations. Other than general conclusions, the Complaint does not include any allegations specifically directed to the Travelodge. Such a "shotgun" pleading deprives Wyndham of the notice to which it is entitled under Rule 8 and has the effect of masking theories for relief not provided by law against Wyndham, as the ultimate parent company of Travelodge. If Plaintiff has a good-faith basis for alleging facts that would support a TVPRA claim against Wyndham, Plaintiff is required to make those allegations. Plaintiff has not done that.

### B. The Complaint Fails To State A Claim Under the TVPRA Because It Lacks Well-Pled Allegations that Wyndham Benefited, Knowingly Or Otherwise.

Congress first enacted the Trafficking Victims Protection Act in 2000. *See* Pub. L. No. 106–386, 114 Stat. 1464 (2000). "[T]he original Act did not contain a private right of action." *Griffin v. Alamo*, 2016 WL 7391046, at *2 (W.D. Ark. Dec. 21, 2016). But in 2003, Congress amended and reauthorized the Act through the

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

TVPRA. The TVPRA "established a civil remedy for victims of various forms of trafficking violations." Id. (*citing* Pub. L. No. 108-193, 117 Stat. 2875 (2003). Congress amended and reauthorized the Act again on December 23, 2008. In that amendment, "Congress expanded the TVPRA's civil remedy provision, 18 U.S.C. § 1595, to allow trafficking victims to recover damages and reasonable attorneys' fees from perpetrators and established a 'financial beneficiary prong' which allows victims to recover similar relief from those who knowingly benefit, financially or otherwise, from a violation of the TVPRA." *Id.* As amended, the TVPRA currently states:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees. (Emphasis added.)

It is the "financial beneficiary prong" of the TVPRA under which Plaintiff attempts to recover from Defendants in this action.

To state a claim under a section 1595(a) beneficiary theory, Plaintiff must allege facts from which the Court can reasonably infer that Wyndham (1) "knowingly benefitted financially or by receiving anything of value"; (2) from participation in a venture; (3) they "knew or should have known has engaged in" sex trafficking.  A plaintiff may satisfy these elements in one of two ways; (1) show that

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

the defendant's own acts, omissions, and state of mind establish each element; or (2) impute to the defendant the acts, omissions, and state of mind of an agent of the defendant. The former is referred to as "direct liability" and the latter as "indirect liability." *See , e.g. , A.B. v. Hilton Worldwide Holdings, Inc. *, 484 F.Supp.3d 921, 935 (D. Ore. Sept. 8, 2020) ; *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *4 (N.D. Cal. July 30, 2020).

As mentioned above, the first element that must be factually alleged under Section 1595, is that the defendant "knowingly" benefited "from participation in a venture" that committed TVPRA crimes. 18 U.S.C. § 1595(a) This provision requires "a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit . . . ." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019). In other words, the "benefit" must derive directly from, and be knowingly received in exchange for, participating in a sex-trafficking venture. See, e.g., *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("Nor have Plaintiffs offered evidence to show that Defendants were compensated 'on account of' the sex acts. . . . The fact that sexual abuse was committed by the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient . . . .").

The Complaint does not plausibly allege that Wyndham or its subsidiary benefited, knowingly or otherwise, from Plaintiffs' trafficking or from participating

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

in a venture that trafficked Plaintiff. General allegations that Wyndham received

royalties from subsidiaries that are either independently owned and/or operated

hotels based on rooms booked by Plaintiff's traffickers is insufficient.

**C.     The Complaint Fails To State A Claim Under the
        TVPRA Because It Lacks Well-Pled Allegations
        that Wyndham Participated In A Sex Trafficking
        Venture.**

The allegations of Wyndham's participation in a sex trafficking venture

require consideration of Section 1591(a) of the TVPRA, which states as follows:

(a) *Whoever knowingly*—

(1) in or affecting interstate or foreign
commerce, or within the special maritime
and territorial jurisdiction of the United
States, recruits, entices, harbors, transports,
provides, obtains, advertises, maintains,
patronizes, or solicits by any means a
person; or

(2) *benefits, financially or by receiving
anything of value, from participation in a
venture* which has engaged in an act
described in violation of paragraph (1),

knowing, or, except where the
act constituting the violation of
paragraph (1) is advertising, in
reckless disregard of the fact,
that means of force, threats of
force, fraud, coercion described
in subsection (e)(2), or any
combination of such means will
be used to cause the person to
engage in a commercial sex act,
or that the person has not

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

. . .

(e) In this section:

. . .

(4) The term "participation in a venture" means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1).

…

(6)  The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

47 U.S.C. § 230(e), which sets forth protections for interactive computer services in blocking and screening offensive materials, considers that all sections of the TVPRA should be read together with the following:

(e)Effect on other laws

(5) No effect on sex trafficking law

Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit—

(A) any claim in a civil action brought under section 1595 of title 18, *if* the conduct underlying the claim constitutes a violation of section 1591 of that title;

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

> (B) any charge in a criminal
> prosecution brought under State
> law *if* the conduct underlying
> the charge would constitute a
> violation of section 1591 of
> title 18; (Emphasis added.)

See S. Rept. 115-199 (2017-2018).  Plaintiff's Complaint also repeatedly refers to section 1591.

The TVPRA applies to multiple forms of human trafficking, including sex trafficking. To state a stand-alone civil claim, a plaintiff must plausibly allege a defendant's "participation in a venture." "Venture" is defined as "any group of two or more individuals associated in fact, whether or not a legal entity," and "participation in a venture" is defined as "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1). See 18 U.S.C. § 1591(e). "Two or more people who engage in sex trafficking together are a sex-trafficking venture." See *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (noting that a defendant's participation in a venture is not sufficient to state a TVPRA claim; the participation must relate to a venture that is involved in sex trafficking).

Participation in a venture requires some "overt act" in furtherance of the trafficking; nonfeasance or the alleged failure to prevent trafficking are not sufficient. *Id*.; see *Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017). "In other words, some

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

participation in the sex trafficking act itself must be shown." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018).

Participation in a venture also requires that participants be "associated in fact," which requires a common purpose among the participants. *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019) (quoting 18 U.S.C. § 1591(e)(6)); *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017). An association "in fact" requires that persons must be "associated together for a common purpose." *United States v. Turkette*, 452 U.S. 576, 583 (1981); *Boyle v. United States*, 556 U.S. 938, 944 (2009) ("That an 'enterprise' must have a purpose is apparent from the meaning of the term in ordinary usage, i.e., a 'venture,' 'undertaking,' or 'project.' The concept of 'association' requires both interpersonal relationships and a common interest." (internal citations omitted)). A commercial transaction (e.g., a loan, the sale of goods, or, in this case, the rental of a hotel room) does not give rise to a reasonable inference that the participants shared a common purpose or otherwise "associated in fact." See, e.g., *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) (finding that the amended complaint was insufficient because it did not plausibly allege that the vendors "shared a common purpose with Spirit."). A defendant's lawful association with someone who commits sex-trafficking crimes is insufficient to show "participation" in a sex-trafficking venture. See *Afyare*, 632 F. App'x at 286; *Noble*, 335 F. Supp. 3d at 524 (stating that "some participation in the sex trafficking act itself must be shown"). Construing the phrase "participation in a

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

venture" otherwise would "create a vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 F. App'x at 286.

Despite this requirement in the TVPRA, the Complaint does not allege that Wyndham or its subsidiary knew of or interacted with Plaintiff or the alleged traffickers (because they did not), let alone that they shared some common purpose or "associated in fact" with Plaintiff's traffickers. In fact, there are no allegations that anyone working at Travelodge participated in a venture with Plaintiffs' traffickers.

At most, Plaintiff alleges that Travelodge was used by the alleged traffickers as an instrumentality for the traffickers' illicit activities, which is insufficient to establish "association in fact" or "participation in a venture." See, e.g., *Weir v. Cenlar FSB*, 16-CV-8650 (CS), 2018 WL 3443173, at *6 (S.D.N.Y. July 17, 2018) ("[B]eing an 'instrumentality' does not thereby mean one shares a common purpose. Defendants allegedly used the mail in furtherance of the scheme, but that would not make the Postal Service [] a member of the enterprise."); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007) (finding the provision of "indispensable banking services" insufficient and stating that providing services available "to the public at large, does not provide a basis for inferring that [Defendants] shared a common unlawful purpose"). "[S]ome participation in the sex trafficking act itself must be shown."  See, e.g., *Afyare*, 632 F. App'x at 286; *Noble*, 335 F. Supp. 3d at 524.

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

### D.   The Complaint Fails To State A Claim Under The Direct Liability Theory of TVPRA Because The Complaint Lacks Well-Pled Allegations that Wyndham "Knew or Should Have Known" of Plaintiff's Trafficking.

A TVPRA claim also requires well-pled factual allegations that the defendant knew or should have known that the venture in which it participated engaged in the Plaintiff's trafficking. To satisfy that element, a plaintiff must plead facts showing that the defendant knew or should have known of sex trafficking ***by the particular venture in which the defendant allegedly participated.***  *H.G. v. Inter-Continental Hotels Corp*. 489 F. Sup. 3d 697 (E.D. Mich. 2020) *(Emphasis included.)*

As set forth in the *Inter-Continental* ruling on a 12(b)(6) motion concerning this issue:

> Indeed, the plain language of the financial beneficiary prong clearly links the required knowledge to the venture in which the defendant purportedly participated. As noted above, that prong makes a defendant liable for knowingly benefiting "from participation in a venture which [he] knew or should have known has engaged" in sex trafficking. 18 U.S.C. § 1595(a). The "knew or should have known" language appears in the "which" clause, and that clause is focused directly on the "venture" in which the defendant "participat[ed]." Accordingly, the relevant state-of-mind inquiry for purposes of the third element focuses on whether the defendant knew or should have known of sex trafficking by the venture in which he allegedly participated. It thus follows that a defendant's "knowledge or willful blindness of a general sex trafficking problem ... does not satisfy the mens rea requirements" of a claim under the financial beneficiary

prong. *S.J. v. Choice Hotels International, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. July 20, 2020). *Id.* at 704-705

Allegations about commercial sex activity are insufficient, and conclusory allegations concerning what a defendant knew or should have known should be disregarded. See, e.g., *Kelsey v. Goldstar Estate Buyers Corp.*, 3:13-CV-00354-HU, 2014 WL 1155253, at *6 (D. Or. Mar. 21, 2014) (dismissing TVPRA claim where the complaint "regurgitate[ed]" the statute's language "woven together with conclusory statements and a generous use of 'and/or' "). For example, in *Lawson v. Rubin*, the plaintiffs alleged that they were lured to the penthouse of a condominium complex so the lessee of the penthouse could sexually assault them. No. 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018), reconsideration denied, 2018 WL 7958928 (E.D.N.Y. June 11, 2018). The plaintiffs in *Lawson* asserted a TVPRA claim against the owner of the condominium complex based on the theory that it should have known that TVPRA crimes were occurring in the penthouse, but the court dismissed this claim because the allegations did not give rise to a plausible inference of liability. *Id.*

In this case, the Complaint is based on allegations that Plaintiff was trafficked by a third-party, criminal trafficker that the Defendants (generally) should have known about, and that Wyndham somehow facilitated the trafficker's conduct because "sex trafficking repeatedly occurs under their flag throughout the country." Dkt. 1, at ¶ 2. The Complaint, however, does not identify any hotel employees (and

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

it certainly does not identify anyone at Wyndham or its subsidiaries) who witnessed the alleged trafficking or any of the alleged indicators. Rather, the Complaint implies that Wyndham "should have known" because the hotel industry is generally aware that commercial sex activity sometimes occurs at hotels. See Dkt. 1, at ¶¶ 20-54. Allegations of such general knowledge are insufficient. See, e.g., *Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017) (rejecting claim "based on general reports about human trafficking in Thailand and letters by advocacy groups . . . criticizing the working conditions at Phatthana's Songkhla factory"). The franchisees' alleged knowledge does not support Plaintiff's direct liability theory because that theory depends upon Defendants' own states of mind. See *Wyndham Hotels*, 2020 WL 4368214 at *6 (holding that plaintiff could not rest direct liability claim against hotel franchisors upon allegations "that the staff at the franchisee hotels where Plaintiff was trafficked knew or should have known about her trafficking")

Conclusory allegations of willful blindness do not cure these shortcomings. For instance, the Complaint does not allege that Wyndham or its subsidiary subjectively believed there was a high probability that Plaintiff was being trafficked or took deliberate steps to avoid confirming that Plaintiff was being trafficked. See, e.g., *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (holding that "willful blindness" has "two basic requirements: (1) the defendant must

subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact").

Lacking any well-pled allegations to suggest that Wyndham or its subsidiary knew or should have known of Plaintiff's trafficking, the Complaint should be dismissed. See *Ricchio*, 853 F.3d at 555 (reversing dismissal based on well-pled factual allegations that the defendant hotel operator--not a hotel brand franchisor or its parent company--witnessed the trafficker's repeated "coercive and abusive treatment" of the plaintiff such that the plaintiffs condition "as a sex slave had become apparent" to the hotel operator).

**E.     The Complaint Fails To State A Claim Under the TVPRA Because It Lacks Well-Pled Allegations that Plaintiff Is A "Victim Of A Violation" Of The TVPRA.**

Plaintiff's Complaint does not set forth allegations that Plaintiff is a victim because the Complaint does not mention that a criminal act that has led to an investigation and prosecution has ensued.  The criminal violations are specifically set forth in sections 1581, 1583, 1584, 1590, 1591, and 1592.  Plaintiff has not plead that any of these violations have occurred and led to a criminal investigation/prosecution.

///

///

///

**F.     The Complaint Makes Conclusory Allegations of Vicarious Liability In An Attempt To Satisfy The Requirements Of A Theory Of Indirect Liability Under The TVPRA**

In an attempt to impute liability from the unnamed third-party franchisee/independent owner, the Complaint alleges in conclusory fashion that the branded hotel is an agent of Wyndham based on scattered allegations of various vicarious liability. As mentioned above, a lawful relationship unrelated to sex-trafficking (e.g., a franchising relationship) cannot by itself serve as a basis for liability under the TVPRA. See *Afyare*, 632 F. App'x at 286; *Noble*, 335 F. Supp. 3d at 524 (requiring a showing of "some participation in the sex trafficking act itself" in rejecting arguments for secondary liability not expressly provided in the TVPRA itself). A complaint cannot rely on conclusory allegations of agency or other theories of vicarious liability to avoid dismissal. See, e.g., *Angelov v. Wilshire Bancorp, Inc.*, 331 F. App'x 471, 472 (9th Cir. 2009) (upholding lower court's grant of defendant's motion to dismiss plaintiff's claims against alleged wrongdoer's parent company because plaintiff failed to allege facts tending to show that parent controlled subsidiary); see also *Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 553-54 (9th Cir. 2014) (upholding lower court's dismissal of plaintiffs' claim against oil company because plaintiff failed to plausibly allege that oil company controlled Columbian National Army brigade that killed plaintiffs' family members and thus failed to plead that there existed an agency relationship between the two).

Moreover, the existence of a franchise relationship, without more, does not give rise to vicarious liability. See, e.g., *Walker v. Pacific Pride Serv., Inc*., 341 F. App'x 350, 351-352 (9th Cir. 2009) (upholding grant of summary judgment for defendant franchisor, explaining that " '[a] franchisor must be permitted to retain such control as is necessary to protect and maintain its trademark, trade name and goodwill, without the risk of creating an agency relationship with its franchisees' " (quoting *Cislaw v. Southland Corp.*, 4 Cal. App. 4th 1284, 1295 (1992)); *Stewart v. Chick-Fil-A*, No. 19CV1780-CAB-BGS, 2020 WL 264578, at *2 (S.D. Cal. Jan. 17, 2020) (granting motion to dismiss against franchisor where complaint lacked well-pled factual allegations suggesting that franchisor exerted "day-to-day" control over the franchisee).

Plaintiff's references to brand standards confirms that neither Wyndham nor its franchisor subsidiary controlled the Facility's day-to-day operations. A franchisor is not vicariously liable for its franchisee's torts where the franchisor retains only that degree of control necessary to protect the reputation of its franchise system, as reflected in its trademark, trade name and goodwill, and the franchisee retains control over day-to-day management and operations. Specifically, where the franchisee exercises complete discretion in hiring, firing and supervising employees, the franchisor is not vicariously liable for personal injury inflicted by an employee upon a third person or another employee. However, a franchisor will be liable if it retained or assumed the right of general control over the relevant day-to-day

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

operations at its franchised locations. *Patterson v. Domino's Pizza, LLC* (2014) 60 Cal 4th 474, 497-498, 503; see *Cislaw v. Southland Corp* (1992) 4 Cal. App. 4th 1284, 1292-1295; *Wickham v. Southland Corp.* (1985) 168 Cal. App. 3d 49, 55. As a franchisor, Wyndham has strictly proscribed rights and responsibilities under Federal and State law. Wyndham sets certain brand standards in order to maintain its trademark and brand name under the provisions of the Lanham Act, 15 U.S.C. §1051, et. seq. Adoption and enforcement of those standards does not create day-to-day "control" sufficient to establish liability as a matter of well-established California law.

## IV.    CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons, Wyndham requests that the Court grant Wyndham's Motion and Dismiss the Complaint for failure to state a claim.

Dated: September 7, 2021          MACDONALD & CODY, LLP

                                                  /s/ Joseph O. Fitzgerald
                                            BY:_____
                                            JOSEPH O. FITZGERALD, ESQ.
                                            MICHAEL F. MOON, ESQ.
                                            Attorneys for Defendant WYNDHAM HOTELS
                                            AND RESORTS, INC.

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Macdonald & Cody, LLP, 3400 Central Avenue, Suite 300, Riverside, California 92506, in said County and State.

I served the foregoing document described as **DEFENDANT WYNDHAM HOTELS AND RESORTS, INC. NOTICE OF MOTION AND MOTION TO DIMISS PURSUANT TO RULE 12(b)(6)** on the interested parties in this action as follows:

| | |
|---|---|
| Marie N. Appel<br>Morgan & Morgan<br>711 Van Ness Ave., Suite 500<br>San Francisco, CA 94102<br>(415) 358-7155; FAX (415) 358-2037<br>Email: mappel@forthepeople.com<br>***Attorney for Pltf S.G.*** | Alan J. Borowsky<br>2005 Market St., Suite 350<br>Philadelphia, PA 19103<br>(215) 5861-0502; FAX (215) 861-0527<br>Email: aborowsky@forthepeoplpe.com<br>***Attorney for Pltf S.G. (Pro Hac Vice)*** |

/ / **PURSUANT TO LOCAL RULE 5-3.1.2:** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Riverside, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/X/ **PURSUANT TO LOCAL RULE 5-3.2.1:** Upon the electronic filing of a document, a "Notice of Electronic Filing" ("NEF") will be automatically generated by the CM/ECF System and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R.Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served.

/X/   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 7, 2021, at Riverside, California.

_____
            Amy Brooks

**DEFENDANT WYNDHAM'S 12(b)(6) MOTION TO DISMISS**