1  Kai Peters  (SBN:  198516)
   kpeters@grsm.com
2  ARTHUR D. WELTON  (SBN:  294259)
   awelton@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (415) 875-3179
5  Facsimile:  (415) 986-8054

6  SARA M. TURNER
   smturner@bakerdonelson.com
7  BAKER, DONELSON, BEARMAN
   CALDWELL & BERKOWITZ, PC
8  420 20th Street North, Suite 1400
   Birmingham, Alabama 35203
9  Telephone: (205) 328-0480
   Facsimile: (205) 322-8007

10
   Attorneys for Defendant
11 CHOICE HOTELS INTERNATIONAL, INC.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 S.G., an individual                )  CASE NO. 8:21-cv-00955-SSS-
                                       )  KES
17              Plaintiff,             )
                                       )  **JOINT STIPULATION**
18     vs.                             )  **REGARDING PRODUCTION**
                                       )  **OF CONFIDENTIAL**
19 VAGABOND INN CORPORATION;           )  **MATERIALS**
   CHOICE HOTELS INTERNATIONAL,        )
20 INC; AND WYNDHAM HOTELS AND         )
   RESORTS, INC.                       )
21                                     )
                Defendants.            )
22                                     )

23

24      **STIPULATED PROTECTIVE ORDER GOVERNING**
        **THE PRODUCTION OF CONFIDENTIAL MATERIALS**
25

26      Plaintiff  S.G.  ("Plaintiff"),  and  Defendants  Vagabond  Inn  Corporation,

27 Choice  Hotels  International,  Inc.,  and  Wyndham  Hotels  &  Resorts,  Inc.

28
                                    -1-

(collectively, "Defendants"), in the above-captioned action (Plaintiff and Defendants collectively referred to herein as the "Parties"), have met and conferred and hereby stipulate to the entry of the following protective order:[1]

## I.   **DEFINITIONS**

A.    "Action" means *S.G. v. Vagabond Inn Corp., et al.*, 8:21-CV-00955-SSS-KES, presently pending in the Central District of California.

B.    "Party" means any party named in this Action.

C.    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

D.    "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) potentially sensitive business information, including trade secrets, research and development materials, financial matters, sales or business information, policies and procedures, and other proprietary policies materials or personal identifying information, including but not limited to names of guest lodging facility customers, dates of birth, social security numbers, phone numbers, employment histories, financial data or credit card information; (ii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable; or (iii) other information otherwise covered by a legitimate right or interest of privacy.   However, "Confidential Information" does not include Plaintiff's Identity, which will be separately addressed by an additional protective order.

E.    "Highly Confidential Information" means Discovery Material that a Party reasonably believes in good faith (1) constitutes, reflects, discloses, or contains any trade secret or proprietary information that the Party has maintained as non-public or confidential and (2) that disclosure would reasonably likely cause

---

[1] This Stipulated Protective Order does not include provisions regarding Plaintiff's identity or restrictions on Defendants' use of Plaintiff's identity, which shall be addressed in a separate protective order.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

economic or other competitive harm.

F.     "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL."

G.     "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this Action.

H.     "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

I.     "In-House Counsel" means Attorneys who are employees of a Party.

J.     "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

K.     "Final Disposition" means the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

L.     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

M.     "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided for in this Protective Order.

N.     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

O.   "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

P.   "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

## II.   SCOPE & DURATION

A.   The protections conferred by this Protective Order cover not only Discovery Material but also (i) any information extracted from Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

B.   This Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

C.   This Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

D.   To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any non-party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

E.   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or

destroy such Protected Material, at the option of the Designating Party. An insurer for a Party that has received Protected Material may retain information as required by its internal document retention policy and any applicable statutes and regulations concerning the issuance of insurance.

F.    All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the provisions for return of Protected Material, Counsel may retain one set of pleadings, correspondence, and attorney or consultant work product containing or appending Protected Material (but not document productions) for archival purposes.

## III.   <u>USE AND DISCLOSURE</u>

A.    All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party.

B.    Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

1.    The Parties—including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses;

2.    Former employees, officers, and representatives of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

3.    Current and former contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

4.    Counsel for the Parties and employees, agents, and

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

representatives of counsel as needed to litigate any claims or defenses;

5.      Insurers for the Parties and employees, agents, and representatives of the insurers as needed to investigate the Action.

6.      The Court and Court personnel;

7.      Court reporters, recorders, and videographers engaged for depositions;

8.      Any mediator appointed by the Court or jointly selected by the Parties;

9.      Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

10.     A person identified in the document marked "CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "CONFIDENTIAL";

11.     Professional Vendors who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

12.     Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to investigate or litigate any claims or defenses or to comply with any obligations or requirements;

13.     Any potential witness, but only to the extent that the disclosure of Confidential Information is necessary to investigate or litigate any claims or defenses and provided that any such witness may not retain any documents containing Confidential Information.

14.     In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Confidential

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Information, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Confidential Information following the deposition;

15.     Such other persons as hereafter may be designated by written agreement in this Action, or by order of the Court, and/or who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A; and

16.     Individuals approved by the Court pursuant to Section III.E and/or Section III.F. herein.

C.     Access to a Designating Party's information marked "HIGHLY CONFIDENTIAL" shall be limited to, and only to, the following persons:

1.     Employees, officers, and representatives of the Party in receipt of the documents who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

2.     Former employees, officers, and representatives of the Designating Party who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

3.     Contractors and former contractors of the Designating Party who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

4.     Employees and former employees of a Party operating with the brand of a Designating Party who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

5.     Outside Counsel for the Parties and employees, agents, and representatives of Outside Counsel as needed to litigate any claims or defenses;

6.     Insurers for the Parties and employees, agents, and representatives of the insurers as needed to investigate the

-7-

Action.

7.    The Court and Court personnel;

8.    Court reporters, recorders, and videographers engaged for depositions;

9.    Any mediator appointed by the Court or jointly selected by the Parties;

10.   Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to be Bound attached to this Protective Order as Exhibit A;

11.   A person identified in the document marked "HIGHLY CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "HIGHLY CONFIDENTIAL";

12.   Professional Vendors who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

13.   In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Highly Confidential Information if the Non-Party deponent and the Non-Party deponent's counsel first execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Highly Confidential Information following the deposition;

14.   Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A; and

15.   Individuals approved by the Court pursuant to Section III.E. and/or Section III.F. herein.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## IV.   **DESIGNATING PROTECTED MATERIAL**

A.     When producing Protected Material, the Producing Party shall mark every page of any such document prior to production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate, or give other comparable notice.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

B.     All Protected Material not reduced to documentary, tangible or physical form, or which cannot be conveniently designated pursuant to the preceding Paragraph IV(A), shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Protective Order.

C.     In the event that a Producing Party fails to stamp or otherwise designate a document or other information as confidential at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the confidential designation.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Designating Party's option, all Discovery Material that was not designated properly.

-9-

D.     If at any time during the deposition of a Party's or Non-Party's employee, agent, or representative, information is sought that the Party or non-party considers to be Protected Material, Counsel for the Party or Non-Party may interrupt the deposition so as to ask persons to whom disclosure of Protected Material is not authorized to leave the room. Aside from deponents, only persons to whom Protected Material is authorized to be shown shall be permitted to attend confidential portions of depositions involving Protected Material.

E.     For testimony given in deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will <u>not</u> be treated as Confidential Information or Highly Confidential Information.  If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Highly Confidential Information, then said deposition or hearing testimony shall be treated as Highly Confidential Information until fourteen (14) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record.  Otherwise, deposition or hearing testimony taken in this case shall be provisionally treated as Confidential Information until fourteen (14) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 14-day window following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Confidential Information or Highly Confidential Information.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

After the 14-day window, only those portions identified in any Notice of Designation shall be protected by the terms of this Protective Order.  Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material.

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation by the Designating Party of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

B.    Any challenge to a designation of the Designating Party's Discovery Material under this Protective Order shall (i) be written, (ii) be for good cause, (iii) be served on Counsel for the Designating Party, (iv) particularly identify the documents or information that the Receiving Party contends should be differently designated, and (v) state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

1.  The Receiving Party shall meet and confer either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute.  The Designating Party shall have the burden of justifying the disputed designation.

JOINT STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL MATERIALS

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2.  The entry of this Protective Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

3.  Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs:   (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.  Any request for judicial intervention to resolve a dispute under this Section V(B) shall comply with the Federal Rules of Civil Procedure, Local Rules of the Central District of California and/or any Order that may be entered.  If a Designating Party withdraws a confidentiality designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate confidentiality designation, if any, as applicable.

## VI.   <u>SUBPOENAS OR COURT ORDERS</u>

A.     If a Receiving Party receives a subpoena or other compulsory process (*e.g.*, court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt

-12-

written notice thereof to the Designating Party and its Counsel within seven days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.  In no event shall disclosure be made before notice is given, unless the Party receiving the subpoena or other compulsory process is prohibited by law or regulation from providing such notice.

## VII.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

A.     In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

B.     Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Confidential Information or Highly Confidential Information.

/ / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## VIII.  REDACTIONS

A.    To comply with all applicable state, federal, and extraterritorial laws and regulations, the Producing Party may redact from produced documents, materials, and other things information that it is not permitted by such laws and regulations to be disclosed in litigation even with Court-imposed confidentiality restrictions. In addition, a Producing Party may redact potentially sensitive personal identifying information of guest lodging facility customers, provided that the Parties agree to meet and confer on the appropriateness of a given redaction if appropriate.

## IX.    APPLICABILITY OF PROTECTIVE ORDER TO NON-PARTIES

A.    In the course of this Action, the Parties may attempt to discover documents and information from Non-Parties.  Any Non-Party from whom discovery is sought by the Parties may avail itself of the protections and limitations of disclosure provided for in this Protective Order by signing this Protective Order prior to production.  The Non-Party shall identify any Confidential Information or Highly Confidential Information produced in accordance with this Protective Order. By so availing itself of the protections and limitations provided for in this Protective Order, any such Non-Party shall submit to the jurisdiction of the Court for all matters relating to or arising out of this Protective Order.

B.    The Parties shall treat any material properly designated as Confidential Information or Highly Confidential Information produced by a Non-Party in

accordance with the terms of this Protective Order.  The Parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any Non-Party.

## X.  INADVERTENT PRODUCTION OF SUBSEQUENTLY CLAIMED PRIVILEGED INFORMATION

A.    The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  Nothing contained herein is intended to, or may, serve to limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production.  Additionally, the inadvertent production of Discovery Material without an appropriate designation of confidentiality shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

B.    Upon discovery that a document has been produced that the Producing Party believes to contain privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

The written notice of the recall of privileged material shall be accompanied by a log articulating the privilege basis for each privileged document.

C.     The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Protective Order—within fourteen (14) days of receipt of that writing and, to the extent applicable: (i) return or destroy all copies of the Disclosed Protected Information, at the Producing Party's preference; and (ii) provide a certification from Outside Counsel of Record that all of the Disclosed Protected Information has been returned or destroyed.

D.     If the Receiving Party contests the claim of privilege or protection of Disclosed Protected Information, the Receiving Party must—within fourteen (14) days of receipt of the claim of privilege or protection—move the Court for an order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").   The Receiving Party must seek leave of Court to file the Disclosure Motion under seal, must file an accompanying motion to seal in accordance with the terms of this Protective Order, and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on, or refer to any of the Disclosed Protected Information following the claim of privilege or protection.   At all times following the claim of privilege or protection and pending resolution of the Disclosure Motion, the Receiving Party may not use, disclose, disseminate, or otherwise convey the Disclosed Protected Information to any person other than those required by law to be served with a copy of the sealed

-16-

Disclosure Motion.

E.      Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

F.      Should any motion compelling production of the Disclosed Protected Information be filed in this Action, the Producing Party shall retain the burden of establishing its privilege or work product claims.  Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information. Nothing in this Protective Order shall relieve Counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

G.      The parties may stipulate in writing to extend the time periods set forth in this section.

## XI.   MISCELLANEOUS

A.      Modification.  Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.  By stipulating to or complying with this Protective Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different

confidentiality protections than those set forth herein.  Furthermore, this Protective Order is subject to modification *sua sponte* by Court order.

B.  <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

C.  <u>Successors</u>.  This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

D.  <u>Right to Assert Other Objections</u>.  Designating Party does not waive any right it otherwise would have in this action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.  Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Protective Order.

E.  <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery

-18-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

F.    <u>Jurisdiction and Venue</u>.  This Court has the authority to interpret and enforce this Protective Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by this Court.

G.    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California or the Court's own orders.

**DONE** and **ORDERED** on this <u>25th</u> day of <u>July</u>, 2022.



**UNITED STATES MAGISTRATE JUDGE**

<div style="font-weight:bold; writing-mode:vertical">Gordon Rees Scully Mansukhani, LLP<br/>275 Battery Street, Suite 2000<br/>San Francisco, CA 94111</div>

## Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| S.G., an individual | ) | |
| Plaintiff, | ) ) ) | CASE NO. 8:21-cv-00955-SSS-KES |
| vs. | ) | |
| VAGABOND INN CORPORATION; CHOICE HOTELS INTERNATIONAL, INC; WYNDHAM HOTELS AND RESORTS, INC.; AND G6 HOSPITALITY LLC | ) ) ) ) ) | **PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL MATERIALS** |
| Defendants. | | |

## ACKNOWLEDGMENT & AGREEMENT TO BE BOUND

I, _____, declare that:

1.    My address is_____, and the name and address of my present employer is _____
_____
_____.

2.    My title is _____.

3.    I have received a copy of the Protective Order in the above-captioned lawsuit.

4.    I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Highly Confidential Information received under the protection of the Protective Order in violation thereof.

5.    I consent to the exercise of personal jurisdiction by this Court, the United States District Court for the Central District of California, in connection with this Acknowledgment & Agreement to be Bound, and my obligations under the Protective Order.

JOINT STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL MATERIALS

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    6.    I declare under penalty of perjury that the facts stated above are true
2    and correct.

3
4    Executed this __ day of _____ 20___ in the State of_____.

5
6    By:
7    _____
     (SIGNATURE)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-21-