TAMANY V. BENTZ (Bar No. 258600)
Tamany.Bentz@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
T. 310.595.3052 / F. 310.595.3352

MELISSA A. REINCKENS (Bar No. 314657)
Melissa.Reinckens@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California 92101-4297
T. 619.699.2700 / F. 619.699.2701

DAVID S. SAGER (*Admitted Pro Hac Vice*)
David.Sager@dlapiper.com
**DLA PIPER LLP (US)**
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T. 973.520.2570 / F. 973.215.2604

*Additional Counsel Listed on Signature Page*

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| S.G., an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>VAGABOND INN CORPORATION;<br>CHOICE HOTELS<br>INTERNATIONAL, INC.;<br>WYNDHAM HOTELS AND<br>RESORTS, INC.,<br><br>                    Defendants. | Case No.  8:21-cv-00955-SSS-KESx<br><br>(Assigned to Hon. Sunshine S. Sykes)<br><br>**WYNDHAM HOTELS AND<br>RESORTS, INC.'S ANSWER AND<br>AFFIRMATIVE DEFENSES<br>TO PLAINTIFF'S AMENDED<br>COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Amended Complaint filed: April 15, 2022 |

Defendant Wyndham Hotels and Resorts, Inc. ("WHR") answers the individual paragraphs of the Amended Complaint filed against it and states as follows:

## INTRODUCTION

1.     WHR denies the allegations in Paragraph 1, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding trafficking at all "hotels throughout this country" and the hospitality industry generally.

2.     WHR denies the allegations in Paragraph 2, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the allegations against other named Defendants.

3.     The statements in Paragraph 3 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 3, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking, and except it admits that Plaintiff purports to bring a claim under 18 U.S.C. § 1595.

4.     WHR denies the allegations in Paragraph 4, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking.

5.     WHR denies the allegations in Paragraph 5, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other named Defendants.

6.     WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.

7.     WHR denies the allegations in Paragraph 7, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking and allegations against other named Defendants.

1   8.   The statements in Paragraph 8 constitute argument and legal

2   conclusions to which no response is required. Insofar as a response is required,

3   WHR denies the allegations in Paragraph 8, except it lacks sufficient knowledge or

4   information to form a belief as to the truth of the allegations regarding Plaintiff's

5   alleged trafficking and the other named Defendants, and except it admits that

6   Plaintiff purports to assert a claim under 18 U.S.C. § 1595.

7                                   **PARTIES**

8   **A.    Plaintiff S.G.**

9   9.   The statements in Paragraph 9 constitute argument and legal

10  conclusions to which no response is required. Insofar as a response is required,

11  WHR lacks sufficient knowledge or information to form a belief as to the truth of

12  the allegations regarding Plaintiff's alleged trafficking.

13  **B.    Defendant Choice Hotels International, Inc.**

14  10.   Paragraph 10 is not directed to WHR and therefore does not require a

15  response. Insofar as it is determined that a response is necessary, WHR lacks

16  knowledge or information sufficient to form a belief about the truth of the

17  allegations in Paragraph 10.

18  11.   Paragraph 11 is not directed to WHR and therefore does not require a

19  response. Insofar as it is determined that a response is necessary, WHR lacks

20  knowledge or information sufficient to form a belief about the truth of the

21  allegations in Paragraph 11.

22  12.   Paragraph 12 is not directed to WHR and therefore does not require a

23  response. Insofar as it is determined that a response is necessary, WHR lacks

24  knowledge or information sufficient to form a belief about the truth of the

25  allegations in Paragraph 12.

26  13.   Paragraph 13 is not directed to WHR and therefore does not require a

27  response. Insofar as it is determined that a response is necessary, WHR lacks

28  /////

---

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.   Paragraph 14 is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.   Paragraph 15 is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.   Paragraph 16 is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.   Paragraph 17 is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

**C.    Defendant Wyndham Hotels and Resorts, Inc.**

18.   WHR denies the allegations in Paragraph 18, except it admits that WHR is a large Delaware corporation headquartered in Parsippany, New Jersey that can be served through its registered agent.

19.   The statements in Paragraph 19 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 19.

20.   WHR denies the allegations in Paragraph 20, except it admits that a WHR subsidiary licenses the Travelodge® trade and service marks to independent franchisees through franchise agreements.

21.    WHR denies the allegations in Paragraph 21.

22.    WHR denies the allegations in Paragraph 22, except it admits that it considers guest safety to be important and that franchisees are contractually obligated to comply with applicable laws.

23.    The statements in Paragraph 23 constitute argument and legal conclusions, to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 23, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking.

24.    WHR denies the allegations in Paragraph 24, except it admits that the franchisor of the Travelodge® trade and service marks receives fees as set forth in franchise agreements with independent franchisees.

25.    WHR denies the allegations in Paragraph 25.

26.    The statements in Paragraph 26 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 26, except it does not contest personal jurisdiction.

**D.    Defendant Vagabond Inn Corporation**

27.    Paragraph 27 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.    Paragraph 28 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.    Paragraph 29 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29. /////

30.    Paragraph 30 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.    Paragraph 31 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.    Paragraph 32 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.    Paragraph 33 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.    Paragraph 34 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.    Paragraph 35 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

## JURISDICTION AND VENUE

36.    The statements in Paragraph 36 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR does not contest subject matter jurisdiction.

37.    The statements in Paragraph 37 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR does not contest venue.

## SEX TRAFFICKING UNDER FEDERAL LAW

38.    The statements in Paragraph 38 constitute argument and legal conclusions to which no response is required. Insofar as a response is required,

WYNDHAM HOTELS AND RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 8:21-CV-00955-SSS-KESX

WHR denies any characterization of the cited statute and refers to the full text of the statute for its content.

39.   The statements in Paragraph 39 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies any characterization of the cited statute and refers to the full text of the statute for its content.

40.   The statements in Paragraph 40 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies any characterization of the cited statute and refers to the full text of the statute for its content, and it admits that sex trafficking is a societal ill.

41.   The statements in Paragraph 41 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies any characterization of the cited statute and refers to the full text of the statute for its content.

## A.   The Hospitality Industry Participates in The Sex Trafficking Industry

42.   WHR denies the allegations in Paragraph 42 and the prefatory quotation, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and it refers to authentic copies of the cited materials for their contents.

43.   WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43.

44.   WHR denies the allegations in Paragraph 44, except it lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hospitality industry generally, and it refers to authentic copies of materials cited for their contents.

/////

/////

45.    WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, except it refers to authentic copies of materials cited for their contents.

46.    WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46.

47.    WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, except it refers to authentic copies of the materials cited for their contents.

48.    WHR denies the allegations in Paragraph 48, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hotel industry generally, and except it refers to authentic copies of the materials cited for their contents.

49.    WHR denies the allegations in Paragraph 49, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hotel industry generally, and except it refers to authentic copies of the materials cited for their contents.

50.    WHR denies the allegations in Paragraph 50, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hotel industry generally, and except it refers to authentic copies of the materials cited for their contents.

51.    WHR denies the allegations in Paragraph 51, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hotel industry generally, and it refers to authentic copies of the materials cited for their contents.

52.    WHR denies the allegations in Paragraph 52, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hotel industry generally.

/////

53.   WHR denies the allegations in Paragraph 53, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding sex trafficking and "hospitality companies" generally.

54.   WHR denies the allegations in Paragraph 54, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding sex trafficking generally, and it refers to authentic copies of the materials cited for their contents.

55.   The statements in Paragraph 55 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 55, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding sex trafficking generally and "hospitality companies" generally.

56.   The statements in Paragraph 56 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 56, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding training staff with respect to "hospitality companies" generally.

57.   The statements in Paragraph 57 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 57.

58.   WHR denies the allegations in Paragraph 58, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hospitality industry generally.

59.   The allegations in Paragraph 59 are vague and argumentative such that WHR lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 59.

/////

/////

60.   Paragraph 60 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.   Paragraph 61 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.   Paragraph 62 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.   Paragraph 63 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63.

64.   Paragraph 64 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64.

65.   Paragraph 65 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66.   WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and it refers to authentic copies of the materials cited for their contents.

67.   WHR denies the allegations in Paragraph 67, except it lacks sufficient knowledge of information to form a belief as to the truth of the allegations regarding "hospitality companies" generally.

**B.   The Defendants control The Hospitality Industry**

68.   The statements in Paragraph 68 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 68.

69.    The statements in Paragraph 69 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 69, except that franchisees generally receive licenses to use a franchisor's trade and service marks.

70.    WHR denies the allegations in Paragraph 70.

71.    WHR denies the allegations in Paragraph 71, except it admits that franchisors generally receive fees pursuant to franchise agreements in exchange for licensing trade and service marks to independent franchisees.

72.    The allegations in Paragraph 72 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 72.

73.    The allegations in Paragraph 73 and its subparts constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 73 and its subparts, except it lacks sufficient knowledge sufficient to form a belief as to the truth of the allegations regarding other named Defendants, and except it admits that a WHR subsidiary owns the Travelodge® trade and service marks.

74.    The allegations in Paragraph 74 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 74.

C.    **Defendants' Willful Blindness To Sex Trafficking At Their Hotels**

75.    WHR denies the allegations in Paragraph 75, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other named Defendants.

1.    **Choice Hotels International, Inc. ("Choice")**

76.    Paragraph 76 is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is required, WHR lacks

/////

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.   Paragraph 77 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.   Paragraph 78 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.   Paragraph 79 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and its subparts.

80.   Paragraph 80 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and its subparts.

81.   Paragraph 81 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.   Paragraph 82 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and its subparts.

83.   Paragraph 83 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.   Paragraph 84 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 84 and its subparts.

85.    Paragraph 85 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.    Paragraph 86 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.    Paragraph 87 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.    Paragraph 88 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.    Paragraph 89 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.    Paragraph 90 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.    Paragraph 91 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.    Paragraph 92 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

/////

/////

1        93.    Paragraph 93 is not directed to WHR and therefore does not require a

2    response. Insofar as a response is required, WHR lacks knowledge or information

3    sufficient to form a belief about the truth of the allegations in Paragraph 93.

4        **2.    Wyndham Hotels and Resorts, Inc. ("Wyndham")**

5        94.    WHR denies the allegations in Paragraph 94.

6        95.    The statements in Paragraph 95 constitute argument and legal

7    conclusions to which no response is required. Insofar as a response is required,

8    WHR denies the allegations in Paragraph 95.

9        96.    The statements in Paragraph 96 constitute argument and legal

10   conclusions to which no response is required. Insofar as a response is required,

11   WHR denies the allegations in Paragraph 96.

12       97.    The statements in Paragraph 97 and its subparts constitute argument and

13   legal conclusions to which no response is required. Insofar as a response is required,

14   WHR denies the allegations in Paragraph 97 and its subparts.

15       98.    The statements in Paragraph 98 and its subparts constitute argument

16   and legal conclusions to which no response is required. Insofar as a response is

17   required, WHR denies the allegations in Paragraph 98 and its subparts.

18       99.    The statements in Paragraph 99 constitute argument and legal

19   conclusions to which no response is required. Insofar as a response is required,

20   WHR denies the allegations in Paragraph 99.

21       100.  The allegations in Paragraph 100 and its subparts constitute argument

22   and legal conclusions to which no response is required. Insofar as a response is

23   required, WHR denies the allegations in Paragraph 100 and its subparts.

24       101.  The allegations in Paragraph 101 constitute argument and legal

25   conclusions to which no response is required. Insofar as a response is required,

26   WHR denies the allegations in Paragraph 101.

27       102.  WHR denies the allegations in Paragraph 102 and its subparts, except

28   WHR refers to authentic copies of the materials cited for their contents.

103.  WHR denies the allegations in Paragraph 103, except WHR refers to an authentic copy of the material cited for its contents.

104.  WHR denies the allegations in Paragraph 104, except it admits that human trafficking awareness materials have been made available to independent franchisees, except it refers to an authentic copy of the material cited for its contents.

105.  The allegations in Paragraph 105 are vague and argumentative such that WHR lacks sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 105, except it refers to an authentic copy of the material cited for its contents.

106.  WHR denies the allegations in Paragraph 106, except it admits that human trafficking awareness materials have been made available to independent franchisees.

107.  WHR denies the allegations in Paragraph 107.

108.  WHR denies the allegations in Paragraph 108.

109.  WHR denies the allegations in Paragraph 109.

### 3.    Vagabond Inn Corporation ("Vagabond Corp.")

110.  Paragraph 110 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111.  Paragraph 111 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111.

112.  Paragraph 112 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113.  Paragraph 113 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge

/////

or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and its subparts.

114. Paragraph 114 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 and its subparts.

115. Paragraph 115 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

116. Paragraph 116 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and its subparts.

117. Paragraph 117 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117.

118. Paragraph 118 and its subparts are not directed to WHR and therefore do not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and its subparts.

119. Paragraph 119 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119.

120. Paragraph 120 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120.

/////

/////

WYNDHAM HOTELS AND RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 8:21-CV-00955-SSS-KESX

121.  Paragraph 121 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121.

122.  Paragraph 122 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122.

123.  Paragraph 123 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123.

**D.      The Sex Trafficking of S.G.**

124.  WHR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125.  WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125.

126.  WHR denies the allegations in Paragraph 126, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking.

127.  WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127.

128.  The allegations in Paragraph 128 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 128.

129.  WHR denies the allegations in Paragraph 129.

**1.      The Sex Trafficking of S.G. at Comfort Inn & Suites**

130.  Paragraph 130 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130. /////

131. Paragraph 131 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131.

132. Paragraph 132 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132.

133. Paragraph 133 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133.

134. Paragraph 134 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135. Paragraph 135 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135.

## 2. The Sex Trafficking of S.G. at Travelodge

136. WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136.

137. WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137.

138. WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138.

139. WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139.

/////

/////

/////

WYNDHAM HOTELS AND RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 8:21-CV-00955-SSS-KESX

### 3.     The Sex Trafficking of S.G. at Vagabond Inn

140.  Paragraph 140 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140.

141.  Paragraph 141 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141.

142.  Paragraph 142 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142.

143.  Paragraph 143 is not directed to WHR and therefore does not require a response. Insofar as a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143.

144.  Paragraph 144 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144.

145.  Paragraph 145 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145.

146.  Paragraph 146 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146.

### E.     The Defendants Facilitated The Trafficking of S.G.

147. The statements in Paragraph 147 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 147, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants. /////

148. The statements in Paragraph 148 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 148, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

149. The statements in Paragraph 149 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 149, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

150. The statements in Paragraph 150 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 150, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

151. The statements in Paragraph 151 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 151, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

152. The statements in Paragraph 152 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 152.

153. The statements in Paragraph 153 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies these allegations in Paragraph 153, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

154. WHR denies the allegations in Paragraph 154, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

155. WHR denies the allegations in Paragraph 155, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants. /////

156. WHR denies the allegations in Paragraph 156, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

157. WHR denies these allegations in Paragraph 157 and its subparts, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

158. The statements in Paragraph 158 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 158, except it lacks sufficient knowledge to form a belief as to the allegations against the other Defendants.

## CAUSES OF ACTION

### COUNT ONE – 18 U.S.C. §1595 ("TVPRA")
### S.G. V. CHOICE HOTELS INTERNATIONAL, INC.

159. WHR incorporates by reference its responses to each foregoing allegation as if fully set forth herein.

160. The statements in Paragraph 160 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 160, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking.

161. Paragraph 161 is not directed to WHR and therefore does not require a response. Insofar as a response is required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161.

162. Paragraph 162 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162.

/////

163.  Paragraph 163 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as it is determined that a response is necessary, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163.

### COUNT TWO – 18 U.S.C. §1595 ("TVPRA")
### S.G. V. WYNDHAM HOTELS & RESORTS, INC.

164.  WHR incorporates by reference its responses to each foregoing allegation as if fully set forth herein.

165.  The statements in Paragraph 165 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 165, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking.

166.  The statements in Paragraph 166 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 166.

167.  The statements in Paragraph 167 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 167.

168.  The statements in Paragraph 168 constitute argument and legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 168.

### COUNT THREE – 18 U.S.C. §1595 ("TVPRA")
### S.G. v. VAGABOND INN CORPORATION

169.  WHR incorporates by reference its responses to each foregoing allegation as if fully set forth herein.

170.  The statements in Paragraph 170 constitute argument and legal conclusions to which no response is required. Insofar as a response is required,

1  WHR denies the allegations in Paragraph 170, except it lacks sufficient knowledge
2  or information to form a belief as to the truth of the allegations regarding Plaintiff's
3  alleged trafficking.

4      171.  Paragraph 171 is not directed to WHR and therefore does not require a
5  response. Insofar as a response is required, WHR lacks knowledge or information
6  sufficient to form a belief about the truth of the allegations in Paragraph 171.

7      172.  Paragraph 172 is not directed to WHR and therefore does not require a
8  response. Insofar as a response is required, WHR lacks knowledge or information
9  sufficient to form a belief about the truth of the allegations in Paragraph 172.

10     173.  Paragraph 173 of the Complaint is not directed to WHR and therefore
11 does not require a response. Insofar as it is determined that a response is necessary,
12 WHR lacks knowledge or information sufficient to form a belief about the truth of
13 the allegations in Paragraph 173.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

16     The Complaint, and each cause of action therein, fails to state a claim upon
17 which relief can be granted.

### SECOND DEENSE

19     The Complaint, and each cause of action therein, is barred in whole or in part
20 because the incidents alleged and all damages complained of, if any, were
21 superseding and/or intervening acts of parties over whom WHR had no right of
22 control.

### THIRD DEFENSE

24     The Complaint, and each cause of action therein, is barred in whole or in part
25 because any damage, loss, or liability alleged by Plaintiff must be reduced,
26 diminished, and/or barred in proportion to the wrongful or negligent conduct of
27 persons or entities other than WHR, including third parties such as Plaintiff's
28 alleged traffickers, under the principles of equitable allocation, recoupment,

offset/set-off, collateral source, proportionate responsibility, contribution among tortfeasors and/or comparative fault, as well as any defenses, terms and/or provisions of 18 U.S.C. §1595.

### FOURTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part insofar as Plaintiff's injuries, if any, are the result of intentional acts attributable to third parties, specifically, the aforementioned traffickers.

### FIFTH DEFENSE

The Complaint, and each cause of action there in, is barred in whole or in part because, insofar as any of the acts or omissions alleged herein were committed by WHR's agents or employees, the agents or employees were not acting within the scope of their authority conferred, or subsequently ratified, by WHR.

### SIXTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because WHR was not the proximate cause of plaintiff's alleged injuries.

### SEVENTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part insofar as reasonable steps were not taken to mitigate damages.

### EIGHTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because of the applicable statute of limitations.

### NINTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part by the doctrines of waiver and/or estoppel.

### TENTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous. /////

**ELEVENTH DEFENSE**

The Complaint, and each cause of action therein, fails to establish that punitive damages are authorized or warranted under federal law, or that WHR acted with intentional or outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

**TWELFTH DEFENSE**

WHR does not own, operate, manage, maintain, supervise, lease, occupy or control the day-to-day operations at the hotel facility located at 1011 Oak Street, Bakersfield, California 93304 or the premises on which said facility is located and therefore, is not liable for any damage, loss, or liability alleged by Plaintiff.

**THIRTEENTH DEFENSE**

WHR incorporates by reference all defenses identified or asserted in its disclosures, as well as any other Defendant's answer(s).

**PRAYER FOR RELIEF**

WHEREFORE, WHR denies each and every allegation in the Complaint, whether express or implied, that WHR has not expressly and unequivocally admitted in this Answer.  Having answered Plaintiff's operative Complaint fully, WHR prays that it be discharged from this action with reasonable costs of Court and such further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

WHR hereby demands a trial by jury for all claims found to be triable.

Dated:  December 16, 2022          **DLA PIPER LLP (US)**

By: */s/ Melissa A. Reinckens*
TAMANY VINSON BENTZ (Bar No. 258600)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
T.  310.595.3052 / F.  310.595.3352
Tamany.Bentz@dlapiper.com

1   Melissa A. Reinckens (Bar No. 314657)
2   401 B Street, Suite 1700
    San Diego, California 92101-4297
3   T.  619.699.2700 / F.  619.699.2701
    Melissa.Reinckens@dlapiper.com
4
    David S. Sager *(Admitted Pro Hac Vice)*
5   51 John F. Kennedy Pkwy, Suite 120
    Short Hills, New Jersey 07078
6   T. 973.520.2570 / F. 973.215.2604
    David.Sager@dlapiper.com
7
8   Christopher B. Donovan *(Admitted Pro Hac Vice)*
    1000 Louisiana Street, Suite 2800
9   Houston, Texas 77002
    T. 713.425.8449 / F. 713.425.6040
10  Christopher.b.Donovan@dlapiper.com
11
    *Attorneys for Defendant*
12  *Wyndham Hotels & Resorts, Inc.*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WYNDHAM HOTELS AND RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 8:21-CV-00955-SSS-KESX

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing via email through the Court's Notice of Electronic Filing System.


*/s/ Melissa A. Reinckens*
Melissa A. Reinckens

WYNDHAM HOTELS AND RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 8:21-CV-00955-SSS-KESX