KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3179
Facsimile: (415) 986-8054

SARA M. TURNER (*Pro Hac Vice*)
smturner@bakerdonelson.com
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

Attorneys for Defendant
CHOICE HOTELS INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G., an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>VAGABOND INN CORP.; CHOICE HOTELS INTERNATIONAL, INC.; AND WYNDHAM HOTELS & RESORTS, INC.,<br><br>   Defendants. | Case No. 8:21-cv-00955-SSS-KESx<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER AS TO IDENTITY OF PLAINTIFF S.G.** (Doc. #144)<br><br>HEARING: N/A<br>TIME:    N/A<br>JUDGE:   HON. SUNSHINE S. SYKES |

On April 11, 2023, the Parties filed a stipulation seeking the entry of a proposed protective order pursuant to Local Rule 7.1 relating to the use and disclosure of the identity of Plaintiff, who—for purposes of pre-trial public filings—is proceeding by pseudonym.

1

The Court, having considered the Parties' proposed stipulated protective order, hereby GRANTS the stipulated protective order and ORDERS as follows:

1. Immediately upon the entry of this Order, Plaintiff shall provide Defendants with (1) Plaintiff's full name, maiden name, alias names used at any time, and date of birth ("Plaintiff's Identity"); and (2) the full name(s) of Plaintiff's alleged trafficker(s), maiden names, aliases used at any time, date(s) of birth, and last known contact information ("Traffickers' Identity"), and the corresponding information for the affiliates of any alleged traffickers. Disclosures will be made to the extent they are known to or recalled by Plaintiff or within her care, custody, or control or that of her counsel. If the identity of Plaintiff's trafficker(s) or any of the trafficker(s)' affiliates, or any other details, become known to Plaintiff or her counsel after her initial disclosures, Plaintiff will supplement her disclosures.

2. Notwithstanding anything in this Order, Defendants expressly reserve their rights to request from Plaintiff during the course of discovery any other information that is related to Plaintiff's Identity or that of her alleged trafficker(s), such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, Plaintiff agrees that nothing in this Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery. The protections conferred by this stipulation do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3. The Parties agree that Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings without prejudice as to Defendants seeking relief from such protection. The Parties exclusively will reference the Plaintiff through the pseudonym "S.G." or as "Plaintiff" in all public filings, throughout the course of discovery, and in all pre-trial Court proceedings until the time of trial. The Parties dispute whether the use of a pseudonym is appropriate at trial (in documents or otherwise) and agree to revisit the issue at the time of trial.

4. The Parties shall generally keep Plaintiff's Identity confidential in accordance with this Order until the time of trial and until the Court has ruled upon this issue. Notwithstanding the foregoing, the Parties may only disclose Plaintiff's Identity to the following:

   a. The Parties, including the current employees, officers, and representatives of the Parties, as reasonably needed to litigate or investigate any claims or defenses, provided that such individuals are advised that Plaintiff's Identity is to be kept confidential as set forth herein;

   b. Former employees, officers, and representatives of the Parties as reasonably needed to litigate any claims or defenses, provided that such individuals are advised that Plaintiff considers the matters raised in this action to be sensitive and, therefore, requests that witnesses act with discretion;

   c. Counsel for the Parties and employees, agents, and representatives of counsel as reasonably needed to litigate any claims or defenses;

   d. Insurers for the Parties and employees, agents, and representatives of the insurers as needed to investigate the Action, and only after each person has agreed to keep the information confidential by signing the form attached as Exhibit A;

   e. The Court, Court personnel, and members of the jury;

   f. Court reporters, recorders, and videographers engaged for depositions;

   g. Any mediator appointed by the Court or jointly selected by the Parties;

   h. Any Expert, outside consultant, or investigator retained by the Parties or Outside Counsel of Record specifically in connection with this Action, and only after each person has agreed to keep the information confidential by signing

the form attached as Exhibit A;

      i.    Professional Vendors and other independent providers of document production, electronic discovery, or other litigation services, including focus groups, retained or employed specifically in connection with this litigation;

      j.    Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's Identity is reasonably needed to investigate or litigate any claims or defenses or to comply with any legal obligations or requirements;

      k.    Any potential, anticipated, or actual fact witnesses (except the alleged trafficker, *see infra* § 5), but only to the extent that the disclosure of Plaintiff's Identity is reasonably needed to investigate or litigate any claims or defenses, and provided that (i) any such witness shall not retain copies of any documents produced by Plaintiff reflecting Plaintiff's Identity that may be provided by the parties to a witness; and (ii) such witnesses are advised that Plaintiff considers the matters raised in this action to be sensitive and, therefore, requests that witnesses act with discretion; and

      l.    Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court.

5.    Defendants shall refrain from disclosing Plaintiff's Identity to the alleged trafficker for a period of thirty (30) days from the date this Protective Order is entered by the Court, during which time Plaintiff may file a motion for a separate protective order governing the disclosure of Plaintiff's Identity to the alleged trafficker. In the event Plaintiff timely files such a motion, Plaintiff's Identity shall not be disclosed to the alleged trafficker until such time as Plaintiff's motion is resolved by the Court. If such a motion is not timely filed, the disclosure of Plaintiff's Identity to the alleged trafficker shall be governed by the terms of Section 4(k).

6.    This Protective Order is voided by any intentional act of the anonymous

Plaintiff (or her counsel) to communicate with the media, including to author news articles, provide interviews to media, author books, or request media appearances at court proceedings.

7. Nothing in this Protective Order authorizes the filing of protected information under seal. Thus, the Parties may file a motion seeking the Court's permission to file documents that are necessarily unredacted under seal in accordance with the Local Rules for the United States District Court for the Central District of California.

8. All Parties and any third parties appearing or submitting filings in this case are required to redact Plaintiff's Identity in their filings with the Court or use the pseudonym "S.G." or "Plaintiff".

9. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Protective Order.

10. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future. Furthermore, this Protective Order is subject to modification *sua sponte* by Court order.

11. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

12. This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

13. This Court has the authority to interpret and enforce this Protective Order. All disputes concerning Protected Material, however designated, produced under the

protection of this Protective Order shall be resolved by this Court.

14. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Rules of Civil Procedure, the Local Rules, or the Court's own orders.

IT IS SO ORDERED.

Dated: April 13, 2023

_____
SUNSHINE S. SYKES
United States District Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *S.G. v. Vagabond Inn Incorporated, et al.*, Central District of California, Case No. 8:21-cv-00955-SSS-KES. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

7