MELISSA A. REINCKENS (SBN 314657)
melissa.reinckens@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
T. 619.699.2798 / F. 619.764.6624

DAVID S. SAGER *(Pro Hac Vice)*
david.sager@us.dlapiper.com
**DLA PIPER LLP (US)**
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T. 973.520.2570 / F. 973.215.2604

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

*Additional Counsel Listed on the Signature Page*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| S.G., an individual, | Case No.: 8:21-CV-00955-SSS-KESx |
| Plaintiff, | |
| v. | **DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| VAGABOND INN CORPORATION; CHOICE HOTELS INTERNATIONAL, INC.; WYNDHAM HOTELS AND RESORTS, INC., | |
| Defendants. | *[Filed Concurrently with the Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities; Declaration of Melissa A. Reinckens; and [Proposed] Judgment]* |
| | Hearing Date: October 3, 2025 |
| | Time: 2:00 p.m. |
| | Crtrm: Zoom |
| | Judge: Honorable Sunshine S. Sykes |

Defendant Wyndham Hotels & Resorts, Inc. ("WHRI") hereby submits this Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment. These facts are considered undisputed solely for purposes of this Motion for Summary Judgment.

**Statement of Uncontroverted Facts In Support of
WHRI's Motion for Summary Judgment**

| Undisputed Fact | Supporting Evidence |
| --- | --- |
| 1. Plaintiff alleges that she was subjected to sex trafficking from 2010 to 2011 (the "Alleged Trafficking Period") at various hotels, including a Travelodge® guest lodging facility located at 1011 Oak Street in Bakersfield, California (the "Travelodge® Facility"). | Dkt. 1 ¶¶ 6, 11(g), 124-26; Declaration of Melissa Reinckens ("Reinckens Decl.") ¶ 2, Ex. 1 (Pl. Dep. Tr. 21:23). |
| 2. Plaintiff does not recall any specific dates she stayed at the Travelodge® Facility. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 175:2-15). |
| 3. CAL Oak Hospitality, LLC (the "Franchisee") entered into a Franchise Agreement with Travelodge Hotels, Inc. on or about December 21, 2009 (the "Franchise Agreement"). | Reinckens Decl. ¶ 3, Ex. 2 (Mueller Dep. Tr. 51:1-14); Reinckens Decl. ¶ 5, Ex. 4 (Seid Expert Report at 6); Reinckens Decl. ¶ 8, Ex. 7 (Franchise Agreement). |
| 4. The Franchisee is not a party to this action. | Dkt. 102. |
| 5. The Travelodge® Facility was owned and operated by Franchisee during the Alleged Trafficking Period. | Reinckens Decl. ¶ 5, Ex. 4 (Seid Expert Report at 13); Dkt. 167-1 ¶ 2; Reinckens Decl. ¶ 8, Ex. 7 (Franchise Agreement §16.1). |

| Undisputed Fact | Supporting Evidence |
|---|---|
| 6. Franchisee's address listed with the Secretary of State is 1011 Oak St., Bakersfield, CA 93304. | Reinckens Decl. ¶ 4, Ex. 3 (WHRI's Initial Disclosures). |
| 7. WHRI currently is the ultimate parent of Travelodge Hotels, Inc. WHRI did not exist during the Alleged Trafficking Period. | Dkt. 141 ¶¶ 20, 73. |
| 8. Travelodge Hotels, Inc. is not a party to this action. | Dkt. 102. |
| 9. The Franchise Agreement provides that the Franchisee is an independent contractor and not an agent of Travelodge Hotels, Inc. or WHRI and that the Franchisee is solely responsible for the operation of the Travelodge® Facility. | Reinckens Decl. ¶ 5, Ex. 4 (Seid Expert Report at 6); Reinckens Decl. ¶ 8, Ex. 7 (Franchise Agreement §16.1). |
| 10. The Travelodge Hotels, Inc. Standards of Operation and Design Manual in effect during the Alleged Trafficking Period states that the Franchisee has full and complete control over the daily operations of the Travelodge® Facility. | Reinckens Decl. ¶ 3, Ex. 2 (Mueller Dep. Tr. 36:10-39:2); Reinckens Decl. ¶ 5, Ex. 4 (Seid Expert Report at 8-9). |
| 11. Neither WHRI nor Travelodge Hotels, Inc. controlled the day-to-day operations at the Travelodge® Facility during the Alleged Trafficking Period. | Reinckens Decl. ¶ 6, Ex. 5 (Plaintiff's Resp. to Interrogatory No. 18); Reinckens Decl. ¶ 7, Ex. 6 (Plaintiff's Resp. to Req. for Prod. Nos. 20 and 21). |
| 12. Plaintiff did not seek discovery from the Franchisee or its staff in this action. | Reinckens Decl. ¶ 9. |

| Undisputed Fact | Supporting Evidence |
|---|---|
| 13. Plaintiff has not served expert disclosures. | Reinckens Decl. ¶ 10. |
| 14. WHRI disclosed franchising expert Michael Seid, who timely provided an expert report. Plaintiff did not notice nor take Mr. Seid's deposition. | Reinckens Decl. ¶ 11. |
| 15. The Travelodge® Facility was not inspected during the Alleged Trafficking Period. | Reinckens Decl. ¶ 12. |
| 16. Neither WHRI nor Travelodge Hotels, Inc. employed anyone at the Travelodge® Facility or controlled staffing, wages, or employment decisions at the Travelodge® Facility during the Alleged Trafficking Period. | Reinckens Decl. ¶ 3, Ex. 2 (Mueller Dep. Tr. 33:8-11; 34:9-12). |
| 17. Neither WHRI nor Travelodge Hotels, Inc. controlled or instructed the Franchisee regarding policies for camera placement or review of cameras at the Travelodge® Facility during the Alleged Trafficking Period. | Reinckens Decl. ¶ 3, Ex. 2 (Mueller Dep. Tr. 84:23-85:4; 85:14-18). |
| 18. There was no policy in effect during the Alleged Trafficking Period that prescribed requirements for check-in or how often, other than upon check-out, rooms at the Travelodge® Facility should be cleaned. | Reinckens Decl. ¶ 3, Ex. 2 (Mueller Dep. Tr. 81:17-82:5, 84:10-17; 87:8-25). |

3

| Undisputed Fact | Supporting Evidence |
|---|---|
| 19. Plaintiff did not tell anyone at the Travelodge® Facility that she was being trafficked or ask anyone at the Travelodge® Facility for help. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 197:17-19). |
| 20. Plaintiff did not disclose her alleged trafficking to any medical providers during the Alleged Trafficking Period. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 161:7-164:6). |
| 21. During the Alleged Trafficking Period, Plaintiff did not tell her parole officer that she was being trafficked. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 160:24-161:6). |
| 22. During the Alleged Trafficking Period, Plaintiff spoke with police officers who were conducting a trafficking sting and they released her without taking any action to help her. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 190:25-193:22). |
| 23. Plaintiff does not recall being physically harmed in front of hotel staff at the Travelodge® Facility. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 184:4-22). |
| 24. Plaintiff testified that a "maintenance man" at the Travelodge® Facility (i.e., a Franchisee employee or contractor who she was not able to identify) knew that Plaintiff was engaging in commercial sex at some unidentified point in time and engaged in commercial sex with Plaintiff. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 186:22-24). |

4

| Undisputed Fact | Supporting Evidence |
|---|---|
| 25. The only facts Plaintiff produced to support her claim that she was trafficked or present at the Travelodge® Facility are her own deposition testimony and photographs of select undated entries from a journal that she later destroyed. | Reinckens Decl. ¶ 13. |
| 26. Plaintiff did not know who owned the Travelodge® Facility. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 172:25–173:1, 212:14–21). |
| 27. Plaintiff was unaware of WHRI's role or whether WHRI was ever physically present at the Travelodge® Facility during the alleged trafficking. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 210:3–13, 213:3–7). |
| 28. Plaintiff did not know whether she had ever met, spoken with, or attempted to contact any WHRI employee. | Reinckens Decl. ¶ 2, Ex. 1 (Pl. Dep. Tr. 210:15–211:13, 213:9–16). |

## Statement of Uncontroverted Facts In Support of WHRI's Motion for Summary Judgment

WHRI is entitled to summary judgment on Plaintiff's claim for vicarious liability under the TVPRA because (1) the undisputed facts do not support a finding that Franchisee is the agent of WHRI, and (2) the undisputed facts do not support a finding that Franchisee is liable under the TVPRA.

Dated: August 15, 2025          **DLA PIPER LLP (US)**

By: _/s/ Melissa A. Reinckens_
Melissa A. Reinckens (SBN 314657)
Susan N. Acquista (SBN 253969)

5

4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
T. 619.699.2798 / F. 619.764.6624
melissa.reinckens@us.dlapiper.com
susan.acquista@us.dlapiper.com

Desiree Moshayedi (SBN 355014)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067
T. 310.595.3000 / F. 310.595.3300
desiree.moshayedi@us.dlapiper.com

David S. Sager (*Pro Hac Vice*)
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T. 973.520.2570 / F. 973.215.2604
david.sager@us.dlapiper.com

*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

WHRI'S STATEMENT OF UNCONTROVERTED FACTS
CASE NO. 8:21-CV-00955-SSS KESx